UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JANE DOE, et al.,              )
                               )
        Plaintiffs             )
                               )        No. 3:13-0328
v.                             )        Judge Trauger/Bryant
                               )        **Jury Demand**
RUTHERFORD COUNTY, TENNESSEE,  )
BOARD OF EDUCATION,            )
                               )
        Defendant              )
```

## MEMORANDUM AND ORDER

Pending in this case is Plaintiffs' Motion to Quash (Docket Entry No. 45) to which Defendant has responded in opposition (Docket Entry No. 49).

For the reasons stated below, Plaintiffs' Motion to Quash is **DENIED**.

### STATEMENT OF THE CASE

Jane Doe and her parents, John and Mary Doe, as legal guardians of their minor daughters, June and Sally Doe, have filed this action against the Defendant Rutherford County, Tennessee, Board of Education alleging discrimination on the basis of sex in violation of 20 U.S.C. § 1681(a) and retaliation. Specifically, Plaintiffs claim that Jane Doe, June Doe and Sally Doe were subjected to certain acts of physical hazing, allegedly of a sexual nature, by other students at Siegel High School operated by Defendant. Plaintiffs allege that Defendant wrongfully failed to investigate or address these incidents, and that it retaliated

against Plaintiffs when Plaintiffs complained (Docket Entry No. 30).

Defendant has filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 31).

**SUMMARY OF PERTINENT FACTS**

Plaintiffs by their present motion seek an order quashing a Rule 45 subpoena served by Defendant upon Motlow State Community College. This subpoena apparently seeks the following:

> Any and all information regarding June Doe including, but not limited to her involvement with the basketball team at Motlow College, dates and nature of involvement, scholarship offers, the reasons for her departure from the school and/or basketball team, pending claims or disputes, and all other matters.

As grounds for their motion, Plaintiffs say that this subpoena would require production of confidential information which Motlow is not at liberty to disclose, and that the subpoena request is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence (Docket Entry No. 45).

**ANALYSIS**

As a general statement, Rule 26(a)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 45(b)(3) provides that the court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits

specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Here, the motion to quash is not based upon claims related to timeliness, geography, undue burden or privilege. Rather, Plaintiff argues that the information sought is confidential, and that the information request in the subpoena is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

The Federal Education Records and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), does not create an evidentiary privilege, nor does it prohibit production of otherwise confidential documents pursuant to a court order. *Edmonds v. Detroit Public School System*, No. 12-CV-10023, 2012 WL 5844655 (E.D. Mich. Nov. 19, 2012). Moreover, the FERPA statute itself contains an express exception allowing disclosure of education records in compliance with a judicial order or pursuant to any lawfully issued subpoena. 20 U.S.C. § 1232(g)(b)(2)(B).

Therefore, the undersigned Magistrate Judge finds that FERPA does not prohibit production of the information sought by the subpoena served upon Motlow State Community College.

It further appears that the information sought is likely relevant to issues raised in this case, or is reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiffs allege that as the result of wrongdoing by Defendant, Plaintiffs "have been denied education and educational opportunities and have been excluded from programs and activities." (Docket Entry No. 30 at 7). In addition, it appears from the motion papers that Plaintiffs will or may make the claim that June Doe's leaving Siegel High School as the result of Defendant's wrongdoing

3

has impaired or diminished her ability to attend college on a basketball scholarship (Docket Entry No. 49-2). Accordingly, information relating to June Doe's basketball career and academic record at Motlow State Community College is likely to be relevant or lead to discovery of admissible evidence in this case. Therefore, the undersigned Magistrate Judge finds that Plaintiffs' Motion to Quash must be **DENIED**.

Nevertheless, the undersigned Magistrate Judge finds that information to be produced pursuant to the subject subpoena is likely confidential in nature and is deserving of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, the undersigned designates information to be produced pursuant to the subject subpoena as confidential and **ORDERS** that disclosure of such information shall be restricted and limited to the parties, their counsel, and other persons who reasonably require such information for the purpose of preparing or presenting evidence in this lawsuit. Upon conclusion of this case, including any appeals, counsel for the parties shall promptly destroy any information or documents received as a result of the subject subpoena, and certify to each other that they have done so.

Finally, the undersigned **ORDERS** that production of information pursuant to the subject subpoena shall be made no later than **May 9, 2014**. Counsel for Defendant shall provide a copy of this memorandum and order to the appropriate representative of Motlow State Community College.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge