UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, | ) |
|     Plaintiffs | ) |
| | ) No. 3:13-0328 |
| v. | ) Judge Trauger/Bryant |
| | ) **Jury Demand** |
| RUTHERFORD COUNTY, TENNESSEE, | ) |
| BOARD OF EDUCATION, | ) |
|     Defendant | ) |

## MEMORANDUM AND ORDER

Pending in this case is Defendant's Motion to Compel Plaintiffs to Supplement Responses to Written Discovery and Motion for Expenses (Docket Entry No. 59). Plaintiffs have filed a response in opposition (Docket Entry No. 66), and Defendant has filed a reply (Docket Entry No. 67).

For the reasons stated below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiffs allege that the three minor Plaintiffs experienced sexual harassment and sexual discrimination while enrolled as students at Siegel High School, operated by the Defendant Board of Education, in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a). Plaintiffs also allege that Defendant, through its agents, retaliated against them by dismissing the three minor Plaintiffs from the school's basketball team after Plaintiffs complained of the sexual harassment and the school's response to it (Docket Entry No. 30).

Defendant has filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 31).

**DEFENDANT'S MOTION TO COMPEL**

Defendant Rutherford County Board of Education has filed its motion seeking an order compelling Plaintiffs to serve supplemental responses to interrogatories and requests for production seeking information from Plaintiffs' social networking accounts. Specifically, Defendant has requested that each Plaintiff be required to serve supplemental responses to Interrogatory No. 17, which seeks login information, user names, the Uniform Resource Locator (URL), and password associated with each internet and/or social networking site maintained by Plaintiffs. In addition, Defendant seeks supplemental responses to the requests for production of documents served upon each Plaintiff seeking "diaries, journals, visual depictions, recordings, correspondence, or physical evidence relevant to any party's claim or defense," and prepared by a Plaintiff "before, during, or after the events referred to in the most recently filed Complaint." (Docket Entry No. 59 at 2). In particular, Defendant's motion seeks access to Plaintiffs' social networking sites including Facebook, Twitter and Instagram. Defendant also seeks an award of attorney's fees and costs.

According to the motion papers, Plaintiffs apparently have provided in discovery the user name for their Facebook,

Instagram, and/or Twitter accounts, but decline to produce the additional information requested. Plaintiffs objected to providing the additional information on grounds of relevance.

In response, Plaintiffs make four arguments. First, they assert that Defendant has failed to comply with Local Rule 37.01, which requires the filing of a joint written statement of matters in dispute and requires that each interrogatory or request for production that is the subject of a motion be quoted verbatim. Second, Plaintiffs argue that Defendant has failed to satisfy the legal threshold necessary to justify "rummaging" through Plaintiffs' private portions of their social media sites. Third, Plaintiffs argue that even if the legal threshold has been met with respect to Plaintiff June Doe's private Twitter account, the threshold has not been met for all of Plaintiffs' social media sites. Finally, Plaintiffs maintain that an award of fees is not justified in this instance.

**ANALYSIS**

Rule 26(b) of the Federal Rules of Civil Procedure states the general rule that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Local Rule 37.01, which governs discovery motions, requires that any discovery motion be accompanied by a joint written statement of the matter at issue in the discovery dispute.

This rule also requires that any discovery motion based upon an interrogatory or a request for production quote such interrogatory or request for production verbatim.

On February 27, 2014, the undersigned Magistrate Judge conducted a telephone discovery conference with counsel regarding the discovery dispute giving rise to Defendant's motion to compel. During this telephone conference, counsel discussed with the undersigned the nature of their dispute, and the Court directed the parties to file and brief the present motion. Given this predicate, the undersigned finds that the usual requirement of a joint written statement of the dispute is neither necessary nor helpful to the Court. In addition, it appears that Defendants have quoted both Interrogatory No. 17 and the request for production apparently served on each Plaintiff in its motion papers (Docket Entry No. 59 at 2). Therefore, the undersigned finds that Defendant has substantially complied with the requirements of Local Rule 37.01.

This Court has previously considered the discoverability of nonpublic portions of social media sites. In the case of *Potts v. Dollar Tree Stores, Inc.,* 2003 WL 1176504 (M.D. Tenn. March 20, 2013), this Court stated as follows:

> [M]aterial posted on a private Facebook page, that is acceptable to a selected group of recipients but not available for viewing by the general public, is generally not privileged, nor is it protected by common law or civil law notions of privacy. Nevertheless, the Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view. Rather, consistent with Rule 26(b) . . . [and decisional law] . . . there must be a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there **might** be something of relevance in Plaintiff's Facebook account.

4

*Potts*, 2013 WL 1176504 at *3 (quoting *Thompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012)).

Similarly, in the case of *Holder v. AT&T Services, Inc.*, 2013 WL 5817575 (M.D. Tenn. Oct. 29, 2013), this Court followed the rule announced in *Potts* and held that discovery of nonpublic social media data may be obtained only upon an evidentiary showing that such private social medial material is likely to contain information that will reasonably lead to the discovery of admissible evidence. *Holder,* 2013 WL 5817575 at *3.

In the present case, Defendant argues that it has satisfied the evidentiary threshold to discover nonpublic portions of Plaintiffs' social medial sites. Specifically, Defendant argues that information produced by Plaintiffs from Plaintiff June Doe's public Twitter profile includes information reasonably calculated to lead to the discovery of admissible evidence (Docket Entry No. 64-2). In addition, Defendant argues that certain information relevant to this action that once appeared on the public portion of Plaintiff June Doe's Twitter account has since been deleted (Docket Entry No. 64-3). Plaintiffs argue that such deletion raises at least the possibility that Plaintiffs have attempted to hide, delete, or destroy relevant evidence contained on their social medial profile (Docket Entry No. 59 at 7).

From the foregoing, the undersigned Magistrate Judge finds that Defendant has satisfied the evidentiary threshold required by *Potts* and *Holder* to be permitted to obtain discovery of private portions of Plaintiff June Doe's social media account. The undersigned therefore **GRANTS IN PART** Defendant's motion and **ORDERS** that Plaintiffs' counsel personally review the restricted, nonpublic portions of Plaintiff June Doe's social media account,

including any deleted items that may be reasonably accessible, and produce any information from those accounts that is relevant to any party's claim or defense in this action. Such review and additional production shall be accomplished no later than August 29, 2014.

With respect to the other Plaintiffs, the undersigned finds that Defendant has failed to satisfy the required evidentiary threshold for discovery of the nonpublic portions of those parties' social media sites. Therefore, to the extent that Defendant's motion to compel seeks supplemental production from these Plaintiffs, the motions is **DENIED**.

Finally, because Defendant by its motion has been deemed entitled only to partial relief, and further because the rules governing discovery of social media are not yet fully developed in the law, the undersigned finds that an award of expenses and attorneys' fees in this instance is not warranted. Therefore, to the extent that Defendant seeks in its motion an award of expenses and attorneys' fees, such motion is **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge